# Exhibit 1

*State Court Documents*



# Notice of Service of Process

null / ALL
Transmittal Number: 30682797
Date Processed: 01/27/2025

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number 3461650 |
| **Entity Served:** | State Farm Fire & Casualty Company |
| **Title of Action:** | Homeowners Association Of Leeward Landing vs. State Farm Fire & Casualty Company |
| **Matter Name/ID:** | Homeowners Association Of Leeward Landing vs. State Farm Fire & Casualty Company (16808534) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Anderson County Court of Common Pleas, SC |
| **Case/Reference No:** | 2025-CP-04-0007 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 01/27/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | SC DOI on 01/17/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | Fuller Law, LLC<br>843-576-4200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**MICHAEL WISE**
Director

**Mailing Address:**
P.O. Box 100105, Columbia, S.C. 29202-3105

January 17, 2025

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
STATE FARM FIRE AND CASUALTY CO
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169

Dear Sir:

On January 17, 2025, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to hsmith@doi.sc.gov.** When replying, please refer to File Number 201977, <u>Homeowners Association of Leeward Landing v. STATE FARM FIRE AND CASUALTY CO</u>, 2025-CP-04-0007.

By:                                                          Sincerely Yours,

*[signature]*

Gwendolyn McGriff                                  Michael Wise
General Counsel                                     Director
(803)737-6732                                         State of South Carolina
                                                              Department of Insurance

Attachment

CC:     William B. Jung Esq.
            1156 Bowman Road, Suite 200
            Mount Pleasant, SC     29464

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE TENTH JUDICIAL CIRCUIT |
| COUNTY OF ANDERSON ) | CASE NO. 2025-CP-04- |
| ) | |
| HOMEOWNERS ASSOCIATION OF ) | |
| LEEWARD LANDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| vs. ) | (Jury Trial Demanded) |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in the above-entitled action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscribers at their office located at 1156 Bowman Road, Suite 200, Mt. Pleasant, South Carolina, 29464, within thirty (30) days after the date of such service, exclusive of the day of service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

**WILLIAM B. JUNG, ESQ.**

*s/William B. Jung*
William B. Jung, Esq.
S.C. Bar No. 68788
1156 Bowman Road, Ste. 200
Mount Pleasant, SC 29464
843-576-4200
(S.C. Bar No. 68788)
bradjung@msn.com

– And –

1

ELECTRONICALLY FILED - 2025 Jan 03 10:34 AM - ANDERSON - COMMON PLEAS - CASE#2025CP0400007

                              **FULLER LAW, LLC**

                              Collin H. Fuller
                              Fuller Law, LLC
                              1156 Bowman Road, Ste. 200
                              Mt. Pleasant, SC 29464
                              (843) 277-0013
                              cfuller@fullerlawsc.com

                              **Attorneys for Plaintiff**

January 3, 2025
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2025 Jan 03 10:34 AM - ANDERSON - COMMON PLEAS - CASE#2025CP0400007

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE TENTH JUDICIAL CIRCUIT |
| COUNTY OF ANDERSON ) | CASE NO. 2025-CP-04- |
| ) | |
| HOMEOWNERS ASSOCIATION OF ) | |
| LEEWARD LANDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | (Jury Trial Demanded) |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. | |

TO THE DEFENDANT ABOVE NAMED:

NOW COMES Plaintiff, Homeowners Association of Leeward Landing, who complaining of the Defendant above-named would respectfully allege and state as follows:

**PARTIES AND JURISDICTIONAL STATEMENT**

1. Plaintiff, Homeowners Association of Leeward Landing, ("Plaintiff" or "Association"), is a Non-Profit Corporation organized and existing under the laws of the State of South Carolina. The Association constitutes an association of co-owners charged with the maintenance, upkeep, and administration of the Leeward Landing Horizontal Property Regime located at Leeward Road, Anderson, SC 29625 (the "Insured Property").

2. The Leeward Landing Horizontal Property Regime is established pursuant to the Master Deed recorded on or about May 1, 1986 at Book 200-T, page 746. The Master Deed vests the Association with certain responsibilities related to insuring the properties and repair and replacement of common areas, including the roof systems.

3

ELECTRONICALLY FILED - 2025 Jan 03 10:34 AM - ANDERSON - COMMON PLEAS - CASE#2025CP0400007

3. Defendant, State Farm Fire & Casualty Company ("Defendant" or "State Farm"), is a corporation organized and existing under and by virtue of the laws of the State of Illinois, is headquartered in Illinois and is doing business in the State of South Carolina.

4. At all times relevant herein, Plaintiff purchased and owned property insurance for the Insured Property from State Farm.

5. At all times referred to hereinafter, the Defendant acted through its agents, servants, and employees, which agents, servants and employees were acting within the course and scope of their employment with Defendant and all acts and omissions of said agents, servants and employees are imputed to Defendant as a matter of law.

6. The Insured Property at issue is located in Anderson County, State of South Carolina.

7. This Court has personal jurisdiction over the parties to this action and subject matter jurisdiction of this case.

8. Venue is proper in the Anderson County Court of Common Pleas as the acts and omissions occurred in Anderson County and the Insured Property is located in Anderson County.

## FACTS

9. State Farm issued an homeowners' insurance policy (hereinafter the "Policy") to Plaintiff that provided certain property insurance coverage for the Insured Property and collected premiums from Plaintiff in exchange for the coverage that Defendant purportedly provided under the policy.

10. At all times alleged herein, the Policy was in full force and effect and Plaintiff had paid all premiums due under the Policy.

11. On or about July 8, 2022, one or more rooftops within the Insured Property suffered severe damage to the roof systems, and other related damages, due to one or more storm events.

12. Plaintiff is informed and believes that the damages identified are the result of storm damage to the Insured Property.

13. The storm damages to the roof systems at the Insured Property necessitated entire roof replacements of one or more of the roof systems and isolated repairs would not adequately restore the roof systems.

14. As a result of the damages sustained, roof leaks have occurred in numerous homes.

15. Upon learning of the damages to their roof systems, Plaintiff filed a claim with State Farm seeking the coverage the parties had agreed to and that Plaintiff had paid State Farm for in the form of premium payments.

16. State Farm determined that hail damage occurred to six buildings at the Insured Property, but only offered to pay for isolated repairs to certain components of the roof systems, even though roof replacements were necessary.

17. The roofing contractor assisting Plaintiff was ready, willing and able to complete the necessary roof replacements to Plaintiff's Property, but State Farm failed to pay the benefits necessary for Plaintiff to carry out the repairs.

18. Plaintiff has been deprived of insurance benefits owed to them due to State Farm's refusal to pay for the required repairs.

19. State Farm was provided with the estimate from the roofing contractor and public adjuster retained by Plaintiff, and all other requested information, but nonetheless refused to pay Plaintiff the benefits due under their insuring agreement. The Roofs continue to exist in a damaged state and require replacement.

**FOR A FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

20. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth more fully herein.

21. A valid and enforceable contract of insurance existed between Plaintiff and Defendant.

22. Plaintiff at all times performed its obligations under the contract.

23. The terms of the contract required State Farm to pay for the cost of damages and the cost of repairs for storm damage, including but not limited to the cost of properly repairing the Insured Property and resulting damage to other components of the Insured Property.

24. State Farm breached its contract with the Plaintiff by failing to pay the full amount due and owed to Plaintiff under the terms of the insurance policy.

25. State Farm has breached the contract with Plaintiff and violated South Carolina law by failing to pay or offering to pay the full amount due to Plaintiff within ninety (90) days of receiving Plaintiff's demand for payment.

26. State Farm's conduct as described above further constitutes a breach of the implied duty of good faith and fair dealing to Plaintiff.

27. As a direct and proximate result of the aforementioned breaches, the Plaintiff has sustained actual, consequential, and special damages, including the cost to replace their roof, repair interior components of the Insured Property, and other damages.

28. Plaintiff is also entitled to an award of their attorney's fees and costs pursuant to and in accordance with S.C. Code Ann. §38-59-40.

## FOR AN ADDITIONAL CAUSE OF ACTION
### (NEGLIGENCE/GROSS NEGLIGENCE)

29. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth more fully herein.

ELECTRONICALLY FILED - 2025 Jan 03 10:34 AM - ANDERSON - COMMON PLEAS - CASE#2025CP0400007

30. State Farm owed Plaintiff a duty of due care in investigating, adjusting, and handling both the loss and Plaintiff's claim for insurance benefits under their insurance policy.

31. State Farm has acted in manner that is negligent, grossly negligent, willful, wanton, careless, reckless, or intentional and thereby breached its duty of due care that it owed to Plaintiff in numerous ways, including but not limited to the following:

   a. In failing to properly investigate the loss to Plaintiff's Homes;
   b. In delaying the investigation, appraisal, and adjustment of Plaintiff's loss and claim;
   c. In failing to deal with Plaintiff in good faith when investigating, estimating, and handling Plaintiff's loss and claim;
   d. In investigating and adjusting Plaintiff's claims in a manner aimed at denying coverage or limiting benefits due to the insured;
   e. In failing to act in a diligent manner when handling Plaintiff's claim;
   f. In failing to recognize that Plaintiff's roofs were non-repairable;
   g. In attempting to prevent Plaintiff from pursuing benefits due to them under the insurance policy;
   h. In failing to act in a reasonable and prudent manner in the circumstances then existing; and
   i. Such other breaches as may be proven at trial.

32. As a direct and proximate result of State Farm's breaches of its duty of due care owed to Plaintiff, Plaintiff has sustained actual, consequential, and special damages, including the cost to replace their roofs, and other damages.

33. If State Farm's breaches are shown to have been done in a manner that grossly negligent, willful, wanton, careless, reckless, or intentional then Plaintiff is entitled to an award of Punitive Damages.

### FOR AN ADDITIONAL CAUSE OF ACTION
### (BAD FAITH FAILURE TO PAY BENEFITS)

34. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth more fully herein.

35. Plaintiff and State Farm entered into a mutually binding contract of insurance for the Insured Property and the policy was in full force and effect at the time of the loss underlying this lawsuit.

36. Plaintiff dutifully and faithfully complied with all of its obligations under the insurance policy, including but not limited to paying the agreed upon premium payments.

37. State Farm has refused to pay Plaintiff benefits due and owed to Plaintiff under the insurance policy and refused to carry out an appropriate investigation.

38. State Farm's refusal to pay Plaintiff the benefits owed to them under its policy was due to State Farm's bad faith and unreasonable actions, as alleged herein more fully above, and to be shown through discovery, and breached the implied covenant of good faith and fair dealing arising on the insurance policy.

39. State Farm's refusal resulted from its own bad faith and has significantly delayed the resolution of Plaintiff's claim.

40. State Farm's bad faith and unreasonable conduct in breaching the implied covenant of good faith has directly and proximately caused Plaintiff to sustain actual, consequential, and special damages as alleged herein.

41. Given the unreasonable actions and bad faith misconduct of State Farm, Plaintiff is also entitled to an award of punitive damages against State Farm as well as their attorney's fees.

## FOR AN ADDITIONAL CAUSE OF ACTION
### (BAD FAITH HANDLING OF CLAIM)

42. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth more fully herein.

ELECTRONICALLY FILED - 2025 Jan 03 10:34 AM - ANDERSON - COMMON PLEAS - CASE#2025CP0400007

43. Plaintiff and State Farm entered into a mutually binding contract of insurance for the Insured Property and the policy was in full force and effect at the time of the loss underlying this lawsuit.

44. The insurance policy came with the implied covenant that State Farm would handle Plaintiff's claim in a good faith and in a reasonable and prompt manner and not unduly delay the payment of Plaintiff's claim or otherwise attempt to avoid or minimize the amount due to Plaintiff under the insurance policy.

45. State Farm engaged in bad faith and acted unreasonably in failing to promptly and diligently investigate, adjust and handle Plaintiff's claim, and in investigating Plaintiff's claims in a manner that was aimed at denying coverage or limiting benefits due to the insured.

46. State Farm's bad faith and unreasonable handling of Plaintiff's claim has directly and proximately caused Plaintiff to sustain actual, consequential, and special damages as alleged herein.

**WHEREFORE,** Plaintiff demands a jury trial and prays that:

   a. Plaintiff recovers actual damages, consequential damages, special damages, statutory damages, punitive damages, and reasonable attorney fees and costs;
   b. Plaintiff recovers prejudgment interest; and the costs and expense of this suit; and
   c. Plaintiff be granted such further relief as the Court deems just and proper.

Respectfully submitted,

**WILLIAM B. JUNG, ESQ.**

*s/William B. Jung*
William B. Jung, Esq.
S.C. Bar No. 68788
1156 Bowman Road, Ste. 200
Mount Pleasant, SC 29464
843-576-4200

(S.C. Bar No. 68788)
bradjung@msn.com

– And –

**FULLER LAW, LLC**

Collin H. Fuller, Esq.
Fuller Law, LLC
1156 Bowman Road, Ste. 200
Mt. Pleasant, SC 29464
(843) 277-0013
cfuller@fullerlawsc.com

**Attorneys for Plaintiff**

January 3, 2025
Mount Pleasant, South Carolina

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all matters properly tried to a jury under South Carolina law.

**WILLIAM B. JUNG, ESQ.**

*s/William B. Jung*
William B. Jung, Esq.
S.C. Bar No. 68788
1156 Bowman Road, Ste. 200
Mount Pleasant, SC 29464
843-576-4200
(S.C. Bar No. 68788)
bradjung@msn.com

**FULLER LAW, LLC**

Collin H. Fuller, Esq.
Fuller Law, LLC
1156 Bowman Road, Ste. 200
Mt. Pleasant, SC 29464
(843) 277-0013
cfuller@fullerlawsc.com

**Attorneys for Plaintiff**

10

STATE OF SOUTH CAROLINA
**DEPARTMENT OF INSURANCE**
P.O. BOX 100105
COLUMBIA, S.C. 29202-3105

**CERTIFIED MAIL**

9589 0710 5270 0105 6796 03

## CERTIFIED MAIL



FIRST-CLASS MAIL
IMI
$008.44
01/20/2025  ZIP 29170

# SERVICE OF PROCESS

STATE FARM FIRE AND CASUALTY CO
c/o Corporation Service Company
508 Meeting Street
West Columbia, SC 29169